**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 114727

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Samantha Galvez and Howard Dash, | Docket No: |
| Plaintiffs, | **COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| Convergent Outsourcing, Inc., | |
| Defendant. | |

Samantha Galvez and Howard Dash(hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against Convergent Outsourcing, Inc.(hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiff Samantha Galvez is an individual who is a citizen of the State of New York residing in New York County, New York.

6. Plaintiff Howard Dash is an individual who is a citizen of the State of New York residing in Nassau County, New York.

7. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Convergent Outsourcing, Inc., is a Washington Corporation with a principal place of business in King County, Washington.

9. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendant alleges each of the Plaintiffs owe a debt ("the Debts").

12. The Debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the Debts, Plaintiffs fell behind on payments owed.

14. Thereafter, at an exact time known only to Defendant, the Debts were assigned or otherwise transferred to Defendant for collection.

15. In its efforts to collect the debt alleged owed by Plaintiff Galvez, Defendant contacted Plaintiff Galvez by letter dated December 8, 2017. ("**Exhibit 1**.")

16. In its efforts to collect the debt alleged owed by Plaintiff Dash, Defendant contacted Plaintiff Dash by letter dated August 5, 2016. ("**Exhibit 1**.")

17. The Letter was the initial communication Plaintiff Galvez received from Defendant.

18. The Letter was the initial communication Plaintiff Dash received from Defendant.

19. The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692g**
**AS TO PLAINTIFF DASH**

20. Plaintiff Dash repeats and realleges the foregoing paragraphs as if fully restated herein.

21. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

22. 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

23. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly from the perspective of the least sophisticated consumer.

24. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt accurately from the perspective of the least sophisticated consumer.

25. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt without ambiguity from the perspective of the least sophisticated consumer.

26. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must state whether fees are accruing.

27. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the notice.

28. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

29. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must contain an explanation, understandable by the least sophisticated consumer, of any fees that may cause the balance to increase at any time in the future.

30. The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

31. The Letter fails to provide information that would allow Plaintiff to determine

BARSHAY | SANDERS_PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

what Plaintiff will need to pay to resolve the debt at any given moment in the future.

32.     The Letter fails to provide information that would allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

33.     The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of fees owed.

34.     For instance, the Letter fails to indicate whether fees will continue to be added to the debt.

35.     For instance, the Letter fails to indicate the date such fees will be added.

36.     For instance, the Letter fails to indicate the amount of fees during any measurable period.

37.     The Letter fails to contain an explanation, understandable by the least sophisticated consumer, of any fees that may cause the amount stated to increase.

38.     The Letter fails to state whether fees are accruing.

39.     The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

40.     The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

41.     The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would continue to increase due to additional fees or whether the amount of the debt was static.

42.     The Letter, because of the aforementioned failures, did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

43.     The Letter, because of the aforementioned failures, did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

44.     The Letter, because of the aforementioned failures, did not convey "the amount of the debt" without ambiguity from the perspective of the least sophisticated consumer.

45.     The Letter, because of the aforementioned failures, renders the statement of the amount of the debt, even if otherwise accurate, violative of 15 U.S.C. § 1692g(a)(1).

46.     The Letter, because of the aforementioned failures, did not adequately set forth

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4

"the amount of the debt" as required by 15 U.S.C. § 1692g.

47. The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692g.

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692g**
**AS TO PLAINTIFF DASH**

48. Plaintiff Dash repeats and realleges the foregoing paragraphs as if fully restated herein.

49. 23 NYCRR §1.2(b)(2) provides within 5 days after the initial communication with a consumer in connection with the collection of any charged-off debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, provide the consumer clear and conspicuous written itemization of the debt.

50. The Letter fails to include the required debt itemization.

51. Because of this failure to provide the itemization, the Letter fails to provide information that would allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

52. Because of this failure to provide the itemization, the Letter would render the least sophisticated consumer unable to determine the minimum amount owed at the time of the Letter.

53. Because of this failure to provide the itemization, the Letter would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

54. Because of this failure to provide the itemization, the Letter would render render the least sophisticated consumer unable to determine the amount of his or her debt.

55. Because of this failure to provide the itemization, the Letter would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

56. Because of this failure to provide the itemization, the Letter did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

57. Because of this failure, the Letter did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

58. Because of this failure to provide the itemization, the Letter did not convey "the

5

amount of the debt" without ambiguity from the perspective of the least sophisticated consumer.

59. The Letter, because of this failure to provide the itemization, renders the statement of the amount of the debt, even if otherwise accurate, violative of 15 U.S.C. § 1692g(a)(1).

60. The Letter, because of this failure to provide the itemization, did not adequately set forth "the amount of the debt" as required by 15 U.S.C. § 1692g.

61. The Letter, because of this failure to provide the itemization, violates 15 U.S.C. § 1692g.

## THIRD COUNT
### Violation of 15 U.S.C. § 1692e
### AS TO PLAINTIFF DASH

62. Plaintiff Dash repeats and realleges the foregoing paragraphs as if fully restated herein.

63. The Letter sets forth collection costs of "$200.13."

64. 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase.

65. The Letter failed to disclose that the balance stated may continue to increase due to additional collection costs.

66. The Letter, because of the aforementioned failure, violates 15 U.S.C. § 1692e.

## FOURTH COUNT
### Violation of 15 U.S.C. § 1692g
### AS TO PLAINTIFF GALVEZ

67. Plaintiff Galvez repeats and realleges the foregoing paragraphs as if fully restated herein.

68. 23 NYCRR §1.2(b)(2) provides within 5 days after the initial communication with a consumer in connection with the collection of any charged-off debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, provide the consumer clear and conspicuous written itemization of the debt.

69. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

70. 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

71. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly from the perspective of the least sophisticated consumer.

72. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt accurately from the perspective of the least sophisticated consumer.

73. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt without ambiguity from the perspective of the least sophisticated consumer.

74. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must state whether fees are accruing.

75. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the notice.

76. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

77. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must contain an explanation, understandable by the least sophisticated consumer, of any fees that may cause the balance to increase at any time in the future.

78. The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

79. The Letter fails to include the required debt itemization.

80. Because of this failure to provide the itemization, the Letter fails to provide information that would allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

81. Because of this failure to provide the itemization, the Letter would render the least sophisticated consumer unable to determine the minimum amount owed at the time of the Letter.

82. Because of this failure to provide the itemization, the Letter would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

given moment in the future.

83. Because of this failure to provide the itemization, the Letter would render render the least sophisticated consumer unable to determine the amount of his or her debt.

84. Because of this failure to provide the itemization, the Letter would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

85. Because of this failure to provide the itemization, the Letter did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

86. Because of this failure, the Letter did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

87. Because of this failure to provide the itemization, the Letter did not convey "the amount of the debt" without ambiguity from the perspective of the least sophisticated consumer.

88. The Letter, because of this failure to provide the itemization, renders the statement of the amount of the debt, even if otherwise accurate, violative of 15 U.S.C. § 1692g(a)(1).

89. The Letter, because of this failure to provide the itemization, did not adequately set forth "the amount of the debt" as required by 15 U.S.C. § 1692g.

90. The Letter, because of this failure to provide the itemization, violates 15 U.S.C. § 1692g.

## JURY DEMAND

91. Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a. Damages against Defendant in favor of Plaintiff Samantha Galvez pursuant to 15 U.S.C. § 1692k; and

b. Damages against Defendant in favor of Plaintiff Howard Dash pursuant to 15 U.S.C. § 1692k; and

c. Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

8

    d.      Plaintiffs' costs; all together with

    e.      Such other relief that the Court determines is just and proper.

DATED: February 14, 2018

                **BARSHAY SANDERS, PLLC**

                By:   */s/ Craig B. Sanders*
                Craig B. Sanders, Esq.
                100 Garden City Plaza, Suite 500
                Garden City, New York 11530
                Tel: (516) 203-7600
                Fax: (516) 706-5055
                csanders@barshaysanders.com
                *Attorneys for Plaintiffs*
                Our File No.: 114727